UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Joeffre Kolosky,                                        Civil No. 08-346 (PAM/JSM)

                Plaintiff,

v.                                                               **MEMORANDUM AND ORDER**

Woodwinds Hospital and
Northwestern Health Sciences University,

                Defendants.

---

This matter is before the Court on Defendants' Motions to Dismiss for lack of subject matter jurisdiction. As stated at the hearing, the Court grants the Motions and will dismiss this action without prejudice.

Plaintiff is proceeding in this medical malpractice action pro se. He contends that he developed an infection after a knee-replacement surgery at Defendant Woodwinds Hospital ("Woodwinds"). He also contends that the infection was a result of acupuncture he received after the surgery from Defendant Northwestern Health Sciences University ("Northwestern"), on the advice of Woodwinds. In this ruling, the Court does not comment on the merits of Plaintiff's claims. Rather, before the Court can consider the merits it must first determine that it has the power to address the merits, otherwise known as jurisdiction. If the Court does not have jurisdiction, then regardless of the merits of the claims the Court cannot consider the case.

In one of its first important decisions, the United States Supreme Court pronounced

the rule that the courts of the United States do not have unlimited, or general, jurisdiction. Marbury v. Madison, 1 Cranch (5 U.S.) 137, 173-80 (1803). By comparison, the courts of most states do have general jurisdiction, that is, the jurisdiction of the state courts is nearly unlimited in both criminal and civil matters. See Black's Law Dictionary 380 (8th ed. 2004). The federal courts' jurisdiction is strictly limited by the Constitution and by statute. The Constitution provides for the jurisdiction of the federal courts in the second section of Article III. That Section reads in relevant part:

> The judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority; — to all Cases affecting Ambassadors, other public Ministers and Consuls; — to all Cases of admiralty and maritime Jurisdiction; — to Controversies to which the United States shall be a Party; — to Controversies between two or more States; — between a State and Citizens of another State; — between Citizens of different States; — between Citizens of the same State claiming Lands under the Grants of different States, and between a State, or the Citizens thereof, and foreign States, Citizens or Subjects.

U.S. Const. art. III, § 2. Congress has codified these principles into the judicial code, found in Title 28 of the United States Code. The statutes provide that the federal district courts have jurisdiction over:

(1) actions against foreign states (28 U.S.C. § 1330);

(2) actions involving a federal question, i.e., a claim under a federal law or the United States Constitution (Id. § 1331);

(3) actions involving maritime or admiralty, which is defined as "the rules governing [disputes] arising out of commerce on or over navigable water" (Id. § 1333; Black's Law

Dictionary 50 (8th ed. 2004));

(4) actions arising under federal bankruptcy laws (28 U.S.C. § 1334); and

(5) actions between citizens of different states in which the amount in controversy exceeds $75,000 (Id. § 1332).

The Court cannot hear cases that do not fall within one of these five categories.

This matter does not involve the Constitution or laws of the United States, but rather is a state-law negligence claim. Thus, the only basis for this Court's exercise of jurisdiction is 28 U.S.C. § 1332, which gives the Court jurisdiction over civil actions in which "the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different states."

Plaintiff confirmed at oral argument that he is a Minnesota resident, and both Defendants are Minnesota corporations with their principal places of business in Minnesota. Plaintiff relies on a case from the Third Circuit Court of Appeals involving a medical malpractice action in which the allegations were similar to those he makes here and in which the court did not discuss jurisdiction but rather discussed whether federal or state law should be applied. Denneny v. Siegel, 407 F.2d 433 (3d Cir. 1969). However, it appears that the parties in Denneny were citizens of different states. Moreover, the issue of what law applies is fundamentally different from the issue of what court has the power to hear a medical malpractice case. Because the parties in this case are citizens of the same state and there is no claim under a federal statute or the Constitution, the Court simply does not have the power to consider the matter.

As stated at the hearing, the Court will dismiss this matter without prejudice to allow Plaintiff to re-file it in state court.  Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendants' Motions to Dismiss (Docket Nos. 4 and 6) are **GRANTED**; and

2. This matter is **DISMISSED without prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated: Wednesday, May 7, 2008

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge